UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

COURTNEY GOODEN,                    :

          Plaintiff,               :

V.                                 :   Case No. 3:07-CV-1859(RNC)

STATE OF CONNECTICUT,              :
DEPARTMENT OF CORRECTION,          :

          Defendant.               :

RULING AND ORDER

Plaintiff brings this action under the Family and Medical

Leave Act, 29 U.S.C. §§ 2601-2619 ("FMLA"), and the Connecticut

Family and Medical Leave Act, Conn. Gen. Stat. § 5-248a, claiming

that his employer, the Connecticut Department of Correction

("DOC"), violated his statutory rights by denying his application

for intermittent leave in connection with his wife's pregnancy.

On April 1, 2009, the defendant filed a properly supported

motion for summary judgment.  To date, plaintiff has not

responded.  For reasons that follow, the motion is granted as to

the federal claim, which is dismissed with prejudice, and I

decline to exercise jurisdiction over the state law claim, which

is dismissed without prejudice.

I.  Standard of Review

Summary judgment may be granted when there is no genuine

issue as to any material fact and the moving party is entitled to

1

judgment as a matter of law.  Fed R. Civ. P. 56(c).  To withstand

a properly supported motion for summary judgment, a plaintiff

must point to evidence that would allow a reasonable jury to

return a verdict in his favor.  See Graham v. Long Island R.R.,

230 F.3d 34, 38 (2d Cir. 2000).

     When a motion for summary judgment is unopposed, the

district court must still assess whether the moving party has

met its burden of demonstrating that it is entitled to judgment

as a matter of law.  Vermont Teddy Bear Co. v. 1-800 Beargram

Co., 373 F.3d 241, 244 (2d Cir. 2004).  In making this

assessment, factual assertions in the movant's Local Rule 56(a)1

Statement must be accepted as true if they are supported by the

record.[1]  In this situation, the summary judgment analysis turns

principally on whether, taking the facts presented in the Local

Rule 56(a)1 Statement as undisputed, the defendant is entitled to

judgment as a matter of law. See, e.g., Blalock v. Bender, 2006

WL 1582217, at *1 (D. Conn. June 1, 2006); Smith v. Principi,

2004 WL 1857582, at *1 n.1 (S.D.N.Y. Aug. 19, 2004).

     II. Facts

     In 1997, plaintiff began working for the DOC as a vocational

instructor, a position he currently holds.  After his wife became

---

[1]Local Rule 56(a)(1) provides: "All material facts set
forth in said statement and supported by the evidence will be
deemed admitted unless controverted by the statement required to
be filed and served by the opposing party in accordance with
Local Rule 56(a)2."

pregnant in 2007, he submitted two form requests for intermittent FMLA leave.[2]  On both forms, he selected "birth of your child" as the reason for requesting leave and noted that he was requesting intermittent leave for periods of time when no other family members would be available to provide assistance with the pregnancy.  On the first form, he selected "serious health condition" affecting a family member as a reason for requesting leave, but there is no claim that his wife suffered complications during her pregnancy.  State of Connecticut policy provides that intermittent leave under the FMLA is not to be used for the birth of a child.  Accordingly, both of plaintiff's requests for intermittent leave were denied.  However, plaintiff was approved for a family leave of absence to be used in a single block of time between January 2 and 21, 2008.

On or about January 26, 2008, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging that the denial of his request for intermittent leave was the result of discrimination.  He named two comparators, but neither of them was similarly situated.  One had taken block leave for the birth of a child; the other had taken intermittent leave to care for a child with a serious health condition.

---

[2] ""Intermittent" leave is leave taken in separate blocks of time due to a single illness or injury, rather than for one continuous period, and may include leave of periods from one hour or more to several weeks." 29 C.F.R. § 825.202

3

Accordingly, the plaintiff's charge of discrimination was dismissed.

    III. Analysis

    To prevail on his claim under the FMLA, plaintiff must show that the DOC deprived him of rights to which he was entitled under the Act.  See 29 U.S.C. § 2615(a)(1)(2000).  It is undisputed that plaintiff requested FMLA leave for the birth of his child and that the DOC declined his request for intermittent leave, instead granting him a single block of leave.  The issue, therefore, is whether plaintiff was entitled to intermittent leave for the birth of his child.

    The FMLA specifically provides that employees are not entitled to intermittent leave for childbirth unless the employer and employee agree otherwise.  29 U.S.C. § 2612(b)(1) (2000).  In the absence of agreement, employees are entitled to intermittent leave only when it is medically necessary for the treatment of a serious health condition. Id.  Certain complications during pregnancy may give rise to a serious health condition for which intermittent leave is medically necessary.  In this case, however, there is no evidence to support a finding that plaintiff's wife's pregnancy amounted to a serious health condition.  Therefore, the defendant is entitled to summary judgment on the FMLA claim.

    When a federal claim is dismissed before trial leaving only

a state law claim, it usually is appropriate for a district court to decline to exercise jurisdiction over the remaining state law claim.  See 28 U.S.C. § 1367(c)(3).  There is no reason to depart from this practice here.

    IV.  Conclusion

    Accordingly, the defendants' motion for summary judgment (doc. # 33) is hereby granted as to plaintiff's federal claim, which is dismissed with prejudice, and the Court declines to exercise jurisdiction over plaintiff's state law claim, which is dismissed without prejudice.

    So ordered this 12th day of February 2010.


                                    /s/  RNC
                              Robert N. Chatigny
                         United States District Judge